IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MATTHEW BANSEPT | : |
| | : CIVIL ACTION |
| v. | : |
| | : NO. 18-04679 |
| | : |
| G&M AUTOMOTIVE, | : |
| *d/b/a* MCGARRIGLE'S | : |
| AUTO REPAIR, ET AL. | : |

**MEMORANDUM**

**SURRICK, J.**                                                                                            **JANUARY  22 , 2020**

Presently before the Court is the Motion to Dismiss Plaintiff's First Amended Complaint By Defendants Pursuant to F.R.C.P. 12(b)(6). (Defs.' Mot., ECF No. 9.) For the following reasons, Defendants' Motion will be denied.

**I.   BACKGROUND**

Plaintiff Matthew Bansept brings various claims against his former employers, G&M Automotive *d/b/a* McGarrigle's Auto Repair and Capital Towing, and their president, Thomas McGarrigle, and corporate secretary, Michelle McGarrigle ("Defendants"). The Amended Complaint alleges violations of: the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et seq*. (Count 1); the Pennsylvania Minimum Wage Act ("PMWA"), 43 Pa. Stat. and Cons. Stat. Ann. §§ 333.101-333.115 (Count 2); and the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 Pa. Stat. and Cons. Stat. Ann. §§ 260.1-260.45 (Count 3).

A. **Factual Background**[1]

Plaintiff was employed at will by Defendants as a full-time tow truck driver from April 20, 2015 through October 1, 2018. (Am. Comp. ¶¶ 17, 18, 21, 66, ECF No. 7.) Plaintiff's regular working hours were Monday through Friday from 8:00 a.m. to 4:00 p.m. (*Id.* ¶ 26.) In addition to his regular forty-hour workweek, Defendants often required Plaintiff to be on call to perform towing services. (*Id.* ¶ 27.) Six months of the year (February, April, June, August, October, and December), Defendants required Plaintiff to be on call twenty-four hours a day, seven days a week to service Defendants' contract with the Springfield Township Police Department. (*Id.* ¶ 28.) For the rest of the year, Defendants required Plaintiff to be on call every third day on a rolling basis for 24 hours, from 7:00 a.m. to 6:59 a.m. the following day, to service Defendants' contract with the Marple Township Police Department. (*Id.* ¶ 29.) Defendants also required Plaintiff to be on call to service Defendants' contracts with local businesses, courts, and law enforcement agencies. (*Id.* ¶ 30.)

Initially, Defendants paid Plaintiff an hourly rate of $12.00. (*Id.* ¶ 17.) Later, Defendants raised Plaintiff's hourly rate to $15.00. (*Id.* ¶ 18.) If Plaintiff performed towing services during his regular working hours, Defendants paid Plaintiff the hourly rate. (*Id.* ¶ 46.) However, if Plaintiff performed towing services outside of his regular working hours while on call, Defendants only paid Plaintiff about 40% of the tow fee or $60.00 for every tow call to which he responded. (*Id.* ¶ 49.) When Plaintiff did not receive any tow calls while on call outside of his regular working hours, Defendants did not pay Plaintiff anything for his time on call. (*Id.* ¶ 50.) When Plaintiff did not receive enough tow calls while on call outside of his

---

[1] When considering a motion to dismiss, the Court must accept as true all factual allegations in a plaintiff's complaint and construe the facts alleged in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).

regular working hours, Defendants paid Plaintiff an amount less than the minimum wage of $7.25 per hour for his time on call. (*Id.* ¶ 51.) Plaintiff alleges that Defendants engaged in "willful wage theft" and a "corporate policy or practice of minimizing labor costs by violating the FLSA, PMWA, and the WPCL." (*Id.* ¶¶ 1, 63.)

### B. Procedural History

On January 14, 2019, Plaintiff filed the Amended Complaint. On January 28, 2019, Defendants filed the instant Motion to Dismiss. (Defs.' Mot., ECF No. 9.) On February 11, 2019, Plaintiff filed a Response in Opposition to the Motion. (Pl.'s Resp., ECF No. 11.)

## II. LEGAL STANDARD

Under Rule 12(b)(6), failure to state a claim upon which relief can be granted is a basis for dismissal of the complaint. Fed. R. Civ. P. 12(b)(6). To satisfy the Rule 12(b)(6) standard, the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that merely alleges entitlement to relief, without alleging facts that show entitlement, must be dismissed. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009). This "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary elements.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). "A complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *McTernan v. City of York*, 564 F.3d 636, 646 (3d Cir. 2009).

3

### III. DISCUSSION

#### A. The FLSA and PMWA (Counts 1 and 2)

The FLSA was enacted to "protect covered workers from substandard wages and oppressive working hours." *Friedrich v U.S. Comput. Servs.*, 974 F.2d 409, 412 (3d Cir. 1992). Under the FLSA, employers are required "to pay their employees at least a specified minimum hourly wage for work performed . . . and to pay one and one-half times the employee's regular rate of pay for hours worked in excess of forty hours per week." *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 306 (3d Cir. 2003) (citing 29 U.S.C. §§ 206, 207). Under the FLSA, the minimum hourly wage is $7.25. 29 U.S.C. § 206(a)(1)(C). Similarly, the PMWA provides that "[e]very employer shall pay to each of his or her employes wages for all hours worked at a rate of not less than . . . the minimum wage set forth in the Fair Labor Standards Act of 1938," 43 Pa. Stat. and Cons. Stat. Ann. § 333.104(a.1); and that employees shall receive overtime wages of "not less than one and one-half times" their regular wage for any hours worked over forty hours in a workweek. 43 Pa. Stat. and Cons. Stat. Ann. § 333.104(c). Because of the similarities between the PMWA and the FLSA, Pennsylvania courts analyze overtime and minimum wage violations of the PMWA and the FLSA under the same framework. *See e.g.*, *Bedolla v. Brandolini*, No. 18-146, 2018 U.S. Dist. LEXIS 83815, at *10 (E.D. Pa. May 18, 2018) (analyzing claims of minimum wage and overtime violations of FLSA and PMWA under the same standard on a motion to dismiss); *Razak v. Uber Techs., Inc.*, No. 16-573, 2016 U.S. Dist. LEXIS 139668, at *23 (E.D. Pa. Oct. 7, 2016) (same).

Defendants contend that Plaintiff's minimum wage claims fail because Plaintiff was compensated at $12 or $15 per hour. Defendants also contend that Plaintiff's overtime claims fail because Plaintiff's on-call time was not compensable. We will address each claim in turn.

With regard to Plaintiff's minimum wage claim, Plaintiff's Amended Complaint alleges that, during six months of the year, he worked twenty-four hours a day, seven days a week. During those months, Plaintiff was compensated at a $12 or $15 hourly rate for hours worked Monday through Friday from 8:00 a.m. to 4:00 p.m. Outside of that timeframe, Plaintiff was on call. If Plaintiff did not receive a tow call, when he was on call, he received no additional compensation. An employee's average hourly wage is determined "by dividing his total remuneration for employment . . . in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." 29 C.F.R. § 778.109. Applying simple arithmetic, on a week when Plaintiff did not receive a tow call outside of his 8:00 a.m. to 4:00 p.m. regular weekday schedule while on call, Plaintiff was paid an hourly wage far below the FLSA and PMWA minimum hourly wage of $7.25. 29 U.S.C. 206(a)(1)(C); 43 Pa. Stat. and Cons. Stat. Ann. § 333.104(a.1). Therefore, Plaintiff has sufficiently alleged minimum wage violations under the FLSA and PMWA, and Defendants' motion to dismiss these claims is denied.

With regard to Plaintiff's overtime claims, "in order to state a plausible FLSA [or PMWA] overtime claim, a plaintiff must sufficiently allege [forty] hours of work in a given workweek as well as some uncompensated time in excess of the [forty] hours." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 242 (3d Cir. 2014) (quoting *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013)). To assert a plausible claim for FLSA or PMWA overtime violations, a plaintiff need not "identify the exact dates and times that she worked overtime. For instance, a plaintiff's claim that she 'typically' worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours he or she worked during one or more of those forty-hour weeks, would

5

suffice." *Davis*, 765 F.3d at 243. To assert a plausible claim for FLSA or PMWA overtime violations, a plaintiff must provide "sufficient detail about the length and frequency of [plaintiff's] unpaid work to support a reasonable inference that [plaintiff] worked more than forty hours in a given week." *Id*. (citations omitted).

Plaintiff's Amended Complaint satisfies the FLSA/PMWA overtime violations pleading standard articulated in *Davis*. Plaintiff alleges that he regularly worked forty hours in a workweek, or Monday through Friday from 8:00 a.m. to 4:00 p.m. Plaintiff also alleges that, at times, Defendants required him to work more than forty hours per week. Specifically, six months of the year (February, April, June, August, October, and December), Defendants required Plaintiff to be on call twenty-four hours a day, seven days a week. For the rest of the year, Defendants required Plaintiff to be on call every third day on a rolling basis for 24 hours, from 7:00 a.m. to 6:59 a.m. the following day. As detailed in the factual background above, Plaintiff alleges that Defendants did not pay him the statutory minimum wage or required overtime for the additional on-call hours. Plaintiff has sufficiently alleged FLSA and PMWA overtime violations. Accordingly, Defendants' motion to dismiss these claims will be denied.[2]

We note that, notwithstanding the fact that Plaintiff has satisfied the pleading standard, it remains to be seen whether Plaintiff can establish that his on-call time is compensable. In *Ingram v. County of Bucks*, 144 F.3d 265, 268 (3d Cir. 1998), the Third Circuit held that an on-call employee, who is not required to remain on his employer's premises, may be entitled to compensation if the employee "finds his time on-call . . . is so restricted that it interferes with personal pursuits." In assessing whether an employee's on-call time spent off premises is

---

[2] Defendants also argue that Plaintiff failed to state a plausible claim for punitive damages under the FLSA. We need not address this argument because Plaintiff's Amended Complaint does not seek punitive damages under the FLSA.

6

compensable in the context of a summary judgment motion, the following four factors are considered:

(1) whether the employee may carry a beeper or leave home;
(2) the frequency of calls and the nature of the employer's demands;
(3) the employee's ability to maintain a flexible on-call schedule and switch on-call shifts; and
(4) whether the employee actually engaged in personal activities during on-call time.

*Id*. Through discovery, Plaintiff will have the opportunity to establish that his on-call time off premises is compensable.

### B. The WPCL (Count 3)

"The Wage Payment and Collection Law provides employees a statutory remedy to recover wages and other benefits that are contractually due to them." *Oberneder v. Link Computer Corp.*, 696 A.2d 148, 150 (Pa. 1997). Defendants argue that Plaintiff's WPCL claim fails because Plaintiff failed to establish that he was not an at-will employee. Defendants are mistaken.

Plaintiff alleges that he was an at-will employee. Plaintiff's status as a former at-will employee of Defendants does not prevent him from pursuing a WPCL claim. The Superior Court of Pennsylvania has determined that an "[employee's] status as an at-will employee is irrelevant to whether a contract existed to provide compensation during the term of his employment. Although [the employee] could have been terminated at any point, . . . he would be entitled to receive the agreed-upon compensation earned prior to his termination." *Sullivan v. Chartwell Inv. Partners, LP*, 873 A.2d 710, 716 (Pa. Super. Ct. 2005); *see also Miller v. Cerebain Biotech Corp.*, No. 16-3943, 2016 U.S. Dist. LEXIS 154597, at *18 (E.D. Pa. 2016) (finding on a motion to dismiss that "the existence of an at-will contract does not negate a finding of an employment agreement for purposes of the WPCL.").

7

Moreover, Plaintiff's Amended Complaint alleges facts sufficient to state a plausible claim under the WPCL. In *Sullivan*, the Superior Court instructed that "[t]o present a [WPCL] wage-payment claim, [plaintiff] ha[s] to aver that he was contractually entitled to compensation from wages and that he was not paid." *Sullivan*, 873 A.2d at 716. "[A]bsent a formal employment contract or collective bargaining agreement, an employee raising a WPCL claim would have to establish, at a minimum, an implied oral contract between the employee and employer." *Braun v. Wal-Mart Stores, Inc.*, 24 A.3d 875, 954 (Pa. Super. Ct. 2011). Plaintiff alleges that he had an oral contract with Defendants regarding his compensation. Defendants hired Plaintiff as a tow truck driver at the regular hourly rate of $12.00 per hour and later, "Defendants offered, and Plaintiff agreed to accept, a raise to $15.00 per hour." (Am. Compl. ¶¶ 17-18.) Plaintiff further alleges that Defendants did not compensate him according to their oral agreement for hours worked on call outside of his regular working hours. Accordingly, Plaintiff has plausibly alleged a WPCL claim and Defendants' motion to dismiss Plaintiff's WPCL claim will be denied.

Defendants also argue that Plaintiff fails to state a claim for liquidated damages under the WPCL because Plaintiff does not allege that Defendants withheld Plaintiff's wages in bad faith. We disagree.

The WPCL provides for liquidated damages as follows:

Where wages remain unpaid for thirty days beyond the regularly scheduled payday, or, in the case where no regularly scheduled payday is applicable, for sixty days beyond the filing by the employe of a proper claim or for sixty days beyond the date of the agreement, award or other act making wages payable, or where shortages in the wage payments made exceed five percent (5%) of the gross wages payable on any two regularly scheduled paydays in the same calendar quarter, and no good faith contest or dispute of any wage claim including the good faith assertion of a right of set-off or counter-claim exists accounting for such non-payment, the employe shall be entitled to claim, in addition, as liquidated damages an amount

equal to twenty-five percent (25%) of the total amount of wages due, or five hundred dollars ($500), whichever is greater.

43 Pa. Stat. and Cons. Stat. Ann. § 260.10. "[T]he statute's liquidated damages provision is available to only a subset of those prevailing plaintiffs who can also prove that they are entitled to damages as a result of an employer having no good faith defense to wages remaining unpaid for a set amount of time under the statute. Section 260.10 is intended to be a disincentive or penalty for employers to withhold wages in bad faith." *Andrews v. Cross Atl. Capital Partners, Inc.*, 158 A.3d 123, 136 (Pa. Super. Ct. 2017). An employee may be entitled to liquidated damages under the WPCL if he demonstrates there is no good faith dispute justifying employer's non-payment of employee's wages. *Braun*, 24 A.3d at 962. "[M]ere bad judgment does not prevent an employer from acting in good faith under the WPCL." *Hartman v. Baker*, 766 A.2d 347, 355 (Pa. Super. Ct. 2000). If the employee demonstrates an absence of a good faith dispute, "then the burden of proof shifts to the employer to establish good faith" by clear and convincing evidence. *Braun*, 24 A.3d at 962, 964.

Plaintiff's Amended Complaint alleges more than mere bad judgment on the part of Defendants. Plaintiff alleges Defendants engaged in "willful wage theft" and a "corporate policy or practice of minimizing labor costs by violating the FLSA, PMWA, and the WPCL." (Am. Compl. ¶¶ 1, 63). Accordingly, Plaintiff's allegations are sufficient to assert a plausible WPCL claim for liquidated damages. *See Guzzi v. Morano*, No. 10-1112, 2011 U.S. Dist. LEXIS 115496, at *38-39 (E.D. Pa. Oct. 6, 2011) (denying motion to dismiss WPCL claim for liquidated damages when complaint simply alleged employer's conduct was "willful,"

9

"deliberate," and "in bad faith"). Therefore, Defendants' motion to dismiss Plaintiff's WPCL claim for liquidated damages will be denied.[3]

## IV. CONCLUSION

For the foregoing reasons, the Motion to Dismiss Plaintiff's First Amended Complaint By Defendants Pursuant to F.R.C.P. 12(b)(6) will be denied.

An appropriate Order follows.

**BY THE COURT:**

_____
**R. BARCLAY SURRICK, J.**

---

[3] Defendants also argue that Plaintiff failed to state a plausible claim for punitive damages under the WPCL. We need not address this argument because Plaintiff is not seeking punitive damages under the WPCL.